SAMUEL PARKER, *in review, versus* OLIVER L. CURRIER.

As the order of the Major General of a division, convening a court martial, was required by the militia act of 1834, c. 121, to be recorded by the orderly officer of the division in the orderly book kept by him, a copy of such record properly certified by him, was legally admissible in evidence.

The orignal papers, signed and sealed by the president of a court martial, holden in pursuance of an order from the Major General of the division, setting forth particularly the proceedings of such Court, were, as well as certified copies of the same, competent and sufficient evidence to sustain an action for the recovery of a fine imposed by such court martial.

An application for a review of an action, being addressed to the discretionary power of the Court, will not be granted, if the Court are satisfied, that if the review should be granted, a trial would result in a verdict similar to the one before returned, on which judgment must be rendered.

PETITION for a review of an action brought by Oliver L. Currier, as Division Advocate, of the eighth division, against Samuel Parker, formerly captain of a company of militia, with-

in the Division, on a judgment of a Court Martial, held in June, 1840, to recover a penalty of forty dollars imposed upon Parker for neglect of duty and disobedience of orders.

On the trial in the District Court, REDINGTON J. ruled, that the evidence offered and admitted was sufficient to enable the Judge Advocate to maintain the action, and the jury returned a verdict against Parker. The trial was at the close of the term, and exceptions were prepared in behalf of the defendant, and agreed to by the Judge Advocate, but from misapprehension were not brought forward in such manner, that the Court could consider them, and hence this petition for a review.

In the opinion of the Court will be found a sufficient statement of the proceedings to understand the questions decided by this Court.

Very full written arguments were furnished to the Court, in which the militia laws then in force, in relation to Courts Martial and to the duty of officers of the militia, were examined with great attention and ability. But as those laws have ceased to be in force, the interest and value of the arguments have so far ceased with them, that they are omitted.

*J. T. Leavitt*, for Parker.

*O. L. Currier, pro se.*

The opinion of the Court was prepared by

TENNEY J. — The order of the Major General convening the Court Martial for the trial of the petitioner, upon the charges and specifications filed with him by the Division Advocate, was required to be recorded by the orderly officer of the Division in the orderly book kept by him. Stat. 1834, c. 121, § 44, art. 34. The orderly officer had possession of the record, and he could properly certify a copy taken therefrom, which would be legally admissible as evidence.

The paper signed and sealed by the President of the Court Martial, holden in pursuance of the general order of the Major General, details the preliminary proceedings, sets forth the charges and specifications contained in the order against the

accused, his answer thereto, his plea of not guilty, the sub-
stance of the evidence adduced, and the judgment of the
Court Martial, that he was guilty of a part and not guilty of
another part of the offences with which he was charged ; also
the sentence of the Court, that he be removed from the office,
which he held in the Militia of Maine, and pay a fine of
forty dollars, and be disqualified for and incapable of holding
any military office under the State for the term of two years.
These papers contain every thing required by the statute to
constitute a valid judgment of a Court Martial ; they are orig-
inal papers and are equally competent as evidence, as would be
the authenticated copies of the same. *Vose* v. *Manly*, 19
Maine R. 331. By the statute of 1837, c. 276, § 10, the
"copy of the record of any Court Martial, certified by the
President of such Court, together with a duly authenticated
copy of the order, convening said Court, shall be conclusive
and sufficient evidence to sustain in any Court any action
commenced for the recovery of any fine and costs, or either,
agreeably to the provisions of an act to which this is addi-
tional."

The application before us is to the discretion of the Court,
and we are satisfied from all the papers filed in the case, that
a review of the action would result in a verdict similar to the
one before returned ; and the Petition is dismissed.